UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VONNISHA JAMES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　　Defendant. | Civ. Action No. 20-335 (EGS) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vonnisha James ("Ms. James") brings this lawsuit against Defendants the District of Columbia, (the "District"); Lewis Ferebee, ("Dr. Ferebee"), Chancellor of the District of Columbia Public Schools, in his individual capacity; and Kerri Larkin, ("Ms. Larkin"), Senior Deputy Chief of Specialized Instruction, in her individual capacity, under the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and 42 U.S.C. § 1983; alleging that Defendants have failed to provide Ms. James with a free appropriate public education by failing to authorize independent speech services for her. *See generally* Second Am. Compl., ECF No. 29.

Pending before the Court are Dr. Ferebee's Motion to Dismiss, Ferebee Mot. to Dismiss, ECF No. 38; and Ms. Larkin's Motion to Dismiss, Larkin Mot. to Dismiss, ECF No. 32. Upon careful consideration of the motions, oppositions, replies, the

1

applicable law, and for the reasons explained below, Dr. Ferebee's motion is **GRANTED**, and Ms. Larkin's motion is **GRANTED**.

## I. Background

### A. Factual

The Court assumes the following facts alleged in the complaint to be true for the purposes of deciding this motion and construes them in Ms. James's favor. See *Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015). Ms. James is a 21-year-old student enrolled in the D.C. Public Schools ("DCPS") who is eligible for special education and related services as a student with an intellectual disability. Second Am. Compl., ECF No. 29 ¶ 9. On August 15, 2016, to resolve a remand ordered in *Theresa James v. District of Columbia*, No. 14-CV-2147 (APM), the District of Columbia Office of the State Superintendent of Education, Office of Dispute Resolution issued an administrative order concerning Ms. James. *Id*. ¶ 10. The administrative order required DCPS, among other things, to "authorize funding for [Ms. James] to receive 360 hours per calendar year of independent speech-language services until a speech-language evaluation . . . [is] reviewed and considered by [Ms. James]'s IEP team, [and the evaluation] shows that [Ms. James]'s speech-language disability is no more than two standard deviations below the mean[.]" *Id*. ¶ 11. The administrative order further clarified that "calendar year," in this context, "runs from

August 15 of a given year through August 14 of the following year." *Id*. ¶ 12. Ms. James alleges that, before June 28, 2018, her Individualized Education Program (IEP) team did not review and consider any speech-language evaluation showing Ms. James's speech-language disability to be within two standard deviations of the mean. *Id*. ¶ 13. Ms. James also alleges that since August 2016, DCPS has not authorized funding for any independent speech-language service for Ms. James pursuant to the administrative order. *Id*. ¶¶ 15-16.

Ms. James alleges that at all relevant times, Dr. Ferebee has been responsible for: (1) taking the actions necessary to put DCPS into compliance with the administrative order; (2) supervising DCPS personnel with regard to compliance with the administrative order; (3) training DCPS personnel to comply with the administrative order and similar orders; and that he has failed to: (1) ensure that that DCPS complies with the administrative order; and (2) adequately train and supervise DCPS personnel to ensure they comply with the administrative. *Id.* ¶¶ 17-22.

Ms. James further alleges that at all relevant times, Ms. Larkin has been responsible for: (1) taking the actions necessary to put DCPS into compliance with the administrative order; (2) supervising DCPS personnel with regard to compliance with the administrative order; (3) training DCPS personnel to

3

comply with the administrative order and similar orders; and that she has failed to: (1) ensure that that DCPS complies with the administrative order; and (2) adequately train and supervise DCPS personnel to ensure they comply with the administrative. *Id.* ¶¶ 23-28.

As relief, Ms. James seeks the following: a declaratory judgment declaring that the Defendants violated the IDEA and denied her a free appropriate public education by failing to authorize independent speech-language services; an order compelling that each Defendant provide her with compensatory education, or, in the alternative, that each Defendant ensure DCPS's compliance with the administrative order; and an award of $50,000 in compensatory damages. *Id.* ¶ 29.

### B. Procedural

On October 16, 2020, Dr. Ferebee filed his Motion to Dismiss. *See* Ferebee Mot. to Dismiss, ECF No. 38. Ms. James filed her Opposition brief on October 27, 2020, *see* Opp'n, ECF No. 39; and Dr. Ferebee filed his Reply brief on November 3, 2020, *see* Reply, ECF No. 43. On September 25, 2020, Ms. Larkin filed her Motion to Dismiss. *See* Larkin Mot. to Dismiss, ECF No. 32. Ms. James filed her Opposition brief on October 8, 2020, *see* Opp'n, ECF No. 35; and Ms. Larkin filed her Reply brief on October 15, 2020, *see* Reply, ECF No. 43. The motions are ripe and ready for the Court's adjudication.

**II.  Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotation marks omitted). "In determining whether a

complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Schl.*, 117 F.3d 621, 624 (D.C. Cir. 1997). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III. Analysis

#### A. The Complaint Fails to State a Section 1983 Against Dr. Ferebee and Ms. Larkin

Dr. Ferebee and Ms. Larkin move to dismiss the individual capacity claims against them, arguing that to state a claim against a government official in his or her individual capacity under § 1983, the complaint must allege personal, direct involvement by the official in the events giving rise to the alleged federal violations. Ferebee Mot. to Dismiss, ECF No. 38 at 6-7;[1] Larkin Mot. to Dismiss, ECF No. 32 at 6-7. Ms. James, citing Federal Rule of Civil Procedure 8(a) (a complaint in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); as well

---

[1] When citing to electronic filings throughout this Memorandum Opinion, the Court generally cites to the ECF header page number, not the original page number of the filed document.

as the Rule 12(b)(6) standard, argues that, pursuant to § 1983, she has stated a claim for failure to supervise or train subordinates adequately. *See* Opp'n to Ferebee Mot. to Dismiss, ECF No. 38 at 3-5; Opp'n to Larkin Mot. to Dismiss, ECF No. 35 at 3-5. Dr. Ferebee and Ms. Larkin respond that Ms. James's allegations amount to nothing more than respondeat superior liability. Ferebee Reply, ECF No. 43 at 1-3; Larkin Reply, ECF No. 37 at 1-3.

"Section 1983 creates a private cause of action against a 'person' who violates an individual's constitutional rights while acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State … or the District of Columbia.'" *Hampton v. Comey*, 139 F. Supp. 3d 1, 4, (D.D.C. 2015) (quoting 42 U.S.C. § 1983). "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In other words, "An individual may be personally liable under Section 1983 only if it is shown that he or she directly participated in the wrongful acts." *Waker v. Brown,* 754 F. Supp. 2d 62, 64 (D.D.C. 2010); *see also Cameron v. Thornburgh,* 983 F.2d 253, 258 (D.C. Cir. 1993); *Elkins v. District of Columbia,* 610 F. Supp. 2d 52, 64 (D.D.C. 2009).

"It is well established that a governmental officer may be held liable in damages for constitutional wrongs engendered by his failure to supervise or train subordinates adequately. This responsibility is not premised on the notion of vicarious liability; rather, it is bottomed on the principle that in some contexts failure of an official to safeguard against constitutional transgressions by those under his control constitutes an actionable wrong under *Bivens* and Section 1983." *Haynesworth v. Miller*, 820 F.2d 1245, 1259-60 (D.C. Cir. 1987). That occurs

> "where responsibility is predicated on inattentiveness rather than affirmative misconduct, the plaintiff must establish a high degree of fault in order to implicate the supervisor in the constitutional infractions of his subordinates." *Haynesworth,* 820 F.2d at 1261. That high degree of fault is not satisfied by a negligence standard; a showing of "mere negligence" is insufficient to state a claim of supervisory liability under Section 1983. Id. at 1260. A supervisor who merely fails to detect and prevent a subordinate's misconduct, therefore, cannot be liable for that misconduct. "The supervisor[ ] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988) (Posner, J.). We conclude that plaintiffs' inaction theory fails to provide an adequate basis for establishing the violation of a constitutional right by these appellants. We hold that absent an allegation that the MPD supervisors had actual or constructive knowledge of past transgressions or that the supervisors were responsible for or aware of "clearly deficient" training, the supervisors

>did not violate any constitutional right through inaction or failure to supervise.

*International Action Center v. United States*, 365 F.3d 20, 28 (D.C. Cir. 2004).

Ms. James's allegations against Dr. Ferebee and Ms. Larkin are identical: she alleges that each failed to ensure that DCPS complies with the administrative order and that they failed to adequately train and supervise DCPS personnel to ensure they comply with the administrative order. These allegations fail to state a failure to train or supervise claims against Dr. Ferebee and Ms. Larkin for a number of reasons. She does not allege that either Dr. Ferebee or Ms. Larkin had any personal, direct involvement in the events giving rise to her allegations. She has not alleged—nor alleged facts from which the Court could infer—that the Dr. Ferebee and Ms. Larkin "knew about the [alleged unconstitutional] conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see." *Jones,* 856 F.2d at 992. Finally, she has not alleged that Dr. Ferebee and Ms. Larkin "had actual or constructive knowledge of past transgressions or that [they] were responsible for or aware of 'clearly deficient' training . . . ." *International Action Center,* 365 F.3d at 28. Accordingly, Ms. James's "effort to hold [Dr. Ferebee and Ms. Larkin]

personally liable fades into *respondeat superior* or vicarious liability, clearly barred under Section 1983." *Id.* at 27.

Ms. James argues that a complaint need only contain "enough to give a defendant fair notice of the claims against him," and that the complaint provides Dr. Ferebee and Ms. Larkin with "notice of the general nature of the case and the circumstances or events upon which it is based." Opp'n, ECF No. 39 at 3, 5. This argument, however, is misplaced in view of the "high degree of fault" a plaintiff must allege to implicate supervisory personnel in the constitutional infractions of his or her subordinates. *Haynesworth,* 820 F.2d at 1261.

Because Ms. James has failed to state a § 1983 claim against Dr. Ferebee and Ms. Larkin, the court need not reach whether these two defendants are entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

**IV. Conclusion and Order**

Accordingly, for the reasons explained above, it is hereby

**ORDERED** that Dr. Ferebee's Motion to Dismiss, ECF No. 38, is **GRANTED**; and it is further

**ORDERED** that Ms. Larkin's Motion to Dismiss, ECF No. 32 is **GRANTED**.

The Clerk of Court is directed to **DISMISS** Dr. Ferebee and Ms. Larkin from this case.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**March 30, 2022**